Swing, Smith and Giffen, JJ., concur.
The city of Cincinnati brought an action in the court of common pleas of Hamilton county in which it was sought to have declared that the said Edison Electric Light Company had forfeited, all rights under its contract with said city for the lighting of the 7th, 8th and 9th districts specified in the contract between said parties for the lighting of said city, and for an injunction restraining the city officials and the company carrying out said contract. An answer was filed by the Electric Company denying certain of the allega, ■tions contained in the petition, and also setting up certain matters by way of avoidance, .to which answer the city filed a reply. On these pleadings and evidence the case was heard by said court, upon consideration of which the court found against the city and in favor of the Electric Company, and dismissed the petition..
*595 This action having been brought by the city by its cor, poration counsel under section 1777 of the Revised Statutes-said corporation counsel declined to prosecute the case any further. Thereupon, A. H. Pugh, on behalf of himself and forty other taxpayers of said city, filed a written demand on said corporation counsel, asking him to prosecute error to said judgment,and said request having been refused, this action in this court' was brought by said A. H. Pugh, a taxpayer, on behalf of said city, against said Electric Company to reverse said judgment of said court.
No bill of exceptions was taken at the trial of said cause, so that none of the evidence heard by said court is before us; but it is claimed by the plaintiff in error that notwithstanding this omission the judgment should be reversed upon the facts admitted and shown by the pleadings.
It is claimed by defendant in error that the plaintiff in error can not maintain this action.
While we are not entirely satisfied with the correctness of our view, we are of the opinion that the plaintiff in error has the right to prosecute this case, by virtue of sections 1777 and 1778 of the Revised Statutes, and while the right is not within the letter of the statute it seems to us that it, does come within the spirit of the law.
Was the plaintiff below entitled to a judgment on the pleadings without regard to what may have been the evidence?
It seems from the pleadings that the city, of Cincinnati and the Cincinnati Edison Electric Light Company entered into a contract on the 31st day of May, 1892, in regard to furnishing electric lights for said city for the term of eleven years. By this contract the city bound itself to take light for certain portions of the city,and had the right to have,at its option, other portions of the city lighted from time to ■time as it saw fit and might designate. On the 29th day of September, 1893, the city of Cincinnati passed an ordinance, known as ordinance No. 647, designating certain territory to be lighted by said company under said contract, said territory being divided into districts, known as the 4th, 5th, 6th, 8th and 9th. By this ordinance the time was provided within which the company was to begin the lighting of each district. The 7th district was to be light *596 ed on or before December 29, 1894; the 8th on or before March 29, 1895, and the 9th on or before June 27, 1895. No contention was made as to the 4th, 5th and 6th districts as they were lighted at such times as was satisfactory to both parties.
On the 24th day of October, 1898, said city passed an ordinance known as ordinance No. 237. By this ordinance it was provided that whereas the Cincinnati Edison Electric Company has failed to light the 7th, 8th and 9th districts mentioned in ordinance No. 647, the direction therein given said company to light said district be and the same is hereby repealed.
The petition alleged a full performance by the city of the obligations required of it by the contract, and a violation of the duties imposed on the Electric Company by said contract, and prayed the court to declare that the Electric Company had forfeited all its rights to light said 7th, 8th and 9th districts, and for an injunction against said company from asserting any rights under said contract as to said districts, and also asked for injunctions against the members of the board of administration and the city auditor and the city treasurer from carrying out said contract.
The Electric Light Company answered, admitting the contract as set out in the petition and the passage of ordinance No. 637, but denying that said city had the authority to prescribe the time within which said districts should be lighted. The answer alleged that after the passage of ordinance No. 647, it duly entered upon the work of lighting said districts in the order therein named, and that but for the wrongful interference with its work by the city of Cincinnati it would have duly lighted the same. The defendant admitted the passage of said ordinance No. 237, but claimed that said ordinance was unconstitutional, illegal and void. The defendant denied that the city of Cincinnati had performed all the conditions on its part required to be performed by said contract The answer, at considerable length sets out all the steps taken by the parties concernir g the operation of the contract, in which it is stated that a dispute arose between the parties, which was submitted to arbitration, and this delayed the company in carrying on its work, and further, that a suit was brought by William *597 M. Ampt, a taxpayer, on behalf of said city, to enjoin the further execution of said contract, and that this prevented the company from proceeding to perform the conditions of the contract, and that long before the passage of said ordinance No. 237 the said company applied to the city of Cincinnati for permits to proceed to light said 7th, 8th and 9th districts, but which permits said city refused to give to said company, except upon terms which said city had no right to impose, and that by reason of said refusal to grant said permits said company was unable to proceed to light said districts; that said city did not grant said company a permit to light said 7th district until the 19th day of October, 1898.
The defendant says that the contract is an entirety for the lighting of said city, and that it has expended more than $300,000 to light said 7th, 8th and 9th districts, and that it would now be unjust to deny to said company the right to light said districts.
The plaintiff filed a reply, specifically denying the allegations of the answer.
On the pleadings as thus outlined it is claimed that the plaintiff is entitled to have the said contract as to said districts forfeited and an injunction issued to restrain the parties from further action under it, the principal grounds being that the original contract was ultra vires, and that the effect of the passage of said ordinance No, 237 was to put an end to said contract.
In considering both of these questions it must in the first place be borne in mind that the plaintiff has come' into a court of equity asking equity. The equity asked here is the extraordinary relief by injunction and a forfeiture of a contract. An injunction can only issue upon the clearest showing of right, and when there is no adequate remedy at law, and a court of equity is certainly a very poor place to come to ask for a forfeiture of a contract, as a court of equity never enforces a penalty or a forfeiture. 2 Story Eq., section 1319.
The requirements exacted of one who comes into a court of equity are well known and plain and simple. A homely but expressive statement of one of these fundamental princi *598 pies is that one who comes into a court of equity must come with clean hands.
In the case of Win. M. Ampt, a taxpayer on behalf of the city, against this company, wherein it was sought to enjoin the carrying out of this contract between said city and said company, and wherein it was shown that said action ■ had not been brought until long after said contract had been made, and the defendant relying thereon had in good faith gone on and expended an immense sum of money in erecting a plant and appliances to carry out said contract, and had entered upon the performance of the same, and it was not shown but what the contract was a just and fair one and beneficial to the city, we were of the opinion that it did not present a case for equitable interference, and whether the contract was ultra vires or not was wholly immaterial, and we would not consider it,but would leave the parties to their remedy at law, for the conduct of the plaintiff in not asserting its rights before the large expenditures had been made, was such as to preclude him from asking equity. So at the present time, at a still later date, we must hold as we did hitherto that we will not consider whether the contract is ultra vires or not. Plaintiff’s conduct is such as not to entitle it to any equitable relief on this ground, even if the contract is ultra vires, for it has not done equity.
Did the passage of ordinance No. 287, repealing so much of ordinance No. 647 as directed the lighting cf the 7th, 8th and 9th districts, have the effect to put an end to the contract so far as it relates to those districts? It is claimed on behalf of the city that it did, and that the only right of the Electric Company is to bring an action for damages. The city may of course refuse to carry out its contract, and if it does so wrongfully the company would have a right for damages thereon; but we are not now considering matters at law, but principles of equity. It was not only the right, but also the duty of the Electric Company, upon the passage of ordinance No. 647, to proceed in a reasonable.manner to comply with the. conditions of the'contract as it related to these districts. It must be assumed by this court that the evidence adduced in the court of common pleas on the trial of this cause sustained in every particular the allegations of the defendant’s answer. This being true, it *599 seems to us very clear that the delay on the part of the defendant in lighting said districts was not caused by the fault of the defendant, but was caused' by the litigation mentioned in said answer, and by the unauthorized refusal of the city to permit the defendant to proceed to light said districts; and the court having properly found upon the pleadings and the evidence that the defendant company had in good faith and in a proper manner carried out the conditions of the contract imposed upon it, we are unable to see upon what equitable principles the city had a right to put an end to the contract. Such can hardly be claimed if the company was in the right and the city in the wrong, and there can be no equity in favor of the city; and yet such must necessarily be the position that the city is forced to maintain ir'i order to ask anything in this court. Having wrongfully put an end to a contract, the city comes into a court of equity and asks for protection for its wrongful conduct.
W. M. Ampt, for Plaintiff in Error.
Foraker, Ouieali, Gr<mger & Prior, for Defendant in Error.
Under such circumstances we think the court of common ¡pleas rendered a correct judgment,and the same is affirmed,